UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NICOLE L. GREENE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-281

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc 7. At issue is whether the Administrative Law Judge ("ALJ") erred in a May 4, 2016 decision by finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court upon Plaintiff's Statement of Errors (doc. 12), Commissioner's memorandum in opposition (doc. 15), Plaintiff's response (doc. 16), the administrative record (doc. 5),[2] and the record as a whole.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and vice versa.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.     Procedural History**

Plaintiff originally filed applications for DIB and SSI on November 17, 2009.  PageID 441-47.  Plaintiff then claimed disability as a result of a number of alleged impairments including, *inter alia*, a bilateral knee impairment, lumbar degenerative disc disease, a mood disorder, attention deficit disorder, and anxiety.  PageID 61.

After an initial denial of her applications, Plaintiff received a hearing before ALJ James I.K. Knapp on July 5, 2013.  PageID 152-71.  ALJ Knapp issued a decision on July 23, 2013 finding Plaintiff not disabled.  PageID 224-34.  Specifically, ALJ Knapp found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 230-34.  The Appeals Council granted Plaintiff's request for review, vacated ALJ Knapp's non-disability finding, and remanded the case for further proceedings.  PageID 243-44.

On remand from the Appeals Council, Plaintiff received hearings before ALJ Elizabeth Motta on July 16, 2015 and again on February 10, 2016.  PageID 89-149.  ALJ Motta issued a decision on May 4, 2016 finding Plaintiff not disabled.  PageID 58-77.  Specifically (and like ALJ Knapp before her), ALJ Motta found at Step Five that, based upon Plaintiff's RFC to perform a reduced range of sedentary work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"  PageID 76-77.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 404.1567(a).

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal challenging the non-disability determination by ALJ Motta (hereafter, "ALJ"). *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 58-77), Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

4

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In her Statement of Errors, Plaintiff argues the ALJ erred by: (1) improperly weighing medical opinion evidence from her treating physician, Martha Johnston, M.D.; and (2) improperly evaluating her impairments under Listing § 1.02. Doc. 12 PageID 2444-52. Finding merit to Plaintiff's first alleged error -- regarding the ALJ's weighing of Dr. Johnston's opinion of both Plaintiff's physical and mental impairments -- the undersigned does not address Plaintiff's remaining alleged error, but directs that it be addressed by the ALJ on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must

5

still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." Id. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

A. **Physical Impairments**

The medical opinion evidence in this case, *inter alia*, includes an opinion as to Plaintiff's physical limitations from Dr. Johnston. PageID 1396-1400. After declining to assign Dr. Johnston's opinion controlling or deferential weight, the ALJ assigned the opinion "little weight." PageID 74.

The Court finds the ALJ improperly gave only conclusory reasons as to the ultimate weight accorded to Dr. Johnston's opinion. Although the ALJ states factors under the controlling weight test, the ALJ failed to fully provide an explanation supporting her decision to give Dr. Johnston's opinion "little weight." PageID. 74-75. Specifically, while the ALJ found that "Dr. Johnston's opinion[] [is] inconsistent with the [Plaintiff's] activities of daily living cited throughout medical records, including her own," PageID 74, the ALJ fails to cite any specific treatment note(s) within

6

those documents in support of such conclusory contention. Such omission is error. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010) (holding that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record" in the absence of "some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion" is accorded lesser weight).

**B.    Mental Impairments**

Dr. Johnston also provided an opinion as to Plaintiff's mental health limitations, *see* PageID 1386-95, which the ALJ assigned "some weight." PageID 74. With regard to the ALJ's rejection of Dr. Johnston's opinion regarding Plaintiff's mental limitations partially on the basis that she is a family physician and "not a professional mental health source," such critique is not relevant at the controlling weight stage of the treating physician analysis and, instead, is a factor "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. § 404.1527(c)(5). Courts have routinely found that primary physicians are able to provide opinions on mental impairments. Specifically, "it is well established that primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A family physician such as Dr. Johnston is authorized to opine regarding Plaintiff's mental status. *Wert v. Comm'r of Soc. Sec.*, 166 F. Supp. 3d 935, 946 (S.D. Ohio 2016); *Byrd v. Comm'r of Soc. Sec.*, No. 3:14-CV-242, 2015 WL 4540575, at *5 (S.D. Ohio May 29, 2015); *King v. Comm'r of Soc. Sec.*, No. 3:14-CV-351, 2016 WL 1729550, at *6 (S.D. Ohio Mar. 28, 2016).

Based on all of the foregoing, the undersigned finds error in the ALJ's analysis of the medical opinion as to both Plaintiff's physical and mental impairments from Dr. Johnston. Accordingly, the ALJ's non-disability finding is unsupported by substantial evidence.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). In this case, the evidence of disability is not overwhelming. Therefore, a remand for further proceedings is proper.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  May 7, 2018                                s/ Michael J. Newman
                                                  Michael J. Newman
                                                  United States Magistrate Judge